UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
MARK ODELL,

        Plaintiff,                                      25 Civ.

        v.                                           COMPLAINT
                                                 Case No.: 3:25-CV-1068(BKS/ML)
NORFOLK SOUTHERN RAILWAY CORP.,            JURY TRIAL REQUESTED

        Defendant
---------------------------------------------------------------------X

Plaintiff, by his attorneys, Flynn & Wietzke, PC, complains of the Defendant and alleges:

## THE PARTIES

1. The plaintiff is a resident of the State of New York, County of Broome, and City of Windsor.

2. The defendant is a railroad carrier corporation providing railroad transportation, in interstate commerce by rail and operates a railroad system and railroad yards within the jurisdiction of this Court and in various other States, with a usual place of business in New York.

3. Prior to September 26, 2022, and at all times hereinafter mentioned, the defendant employed the plaintiff as a Signal Maintainer under its direction, supervision and control and in furtherance of defendant's business in interstate commerce.

4. Prior to September 26, 2022 and at all times hereinafter mentioned, the defendant maintained, operated and controlled the right-of-way near Mile Post HA 614.13, Binghamton, New York which contained defendant's tracks, rails, switches, sidings, roadbeds and appurtenances thereto, over, through and upon which the defendant operated engines, trains and cars under its control and direction.

5. During all times herein mentioned, the defendant was and is engaged in interstate commerce by providing railroad transportation among multiple states.

## JURISDICTION AND VENUE

6. The plaintiff brings the First Cause of Action against the defendant for violation of the Federal Employers' liability Act, 45 U.S.C. §51 et seq. (FELA).

7. This Court has subject matter jurisdiction in this case pursuant to 45 U.S.C. §56.

8. Venue is proper in this District because a substantial part of the events or omissions giving rise to the claim occurred in this District, because defendant resides in this District and because defendant does business in this District.

## FACTS

9. At the time of the defendant's FELA violations, the plaintiff was employed by the defendant and qualified as an employee within the meaning of 45 U.S.C. § 51.

10. On September 26, 2022, the plaintiff was working as a Signal Maintainer at the direction and training of defendant, participating in the installation of a new switch machine weighing approximately 1,200 lbs.

11. The signal department has a boom truck for moving and installing switch machines.

12. While the switch machine was being lowered into position with a logging truck, as opposed to the proper boom truck, the switch machine became hung up on a bolt.

13. While the switch machine was being resituated, the switch machine dropped down, since appropriate tension was not maintained on the switch machine to keep it raised.

14. There had been specific complaints and requests to use the boom truck as opposed to the logging truck prior to the incident in question by employees other than plaintiff.

15. The boom truck was only ¼ mile away from the work location.

16. The lack of tension on the switch machine was due either to operator error or failure of the logging truck to maintain the necessary hydraulic pressure.

17. Additionally, defendant utilized a strap with flex as opposed to a chain with no flex to move the machine into position, further introducing movement into the work.

18. There was no on-site supervisor monitoring or coordinating the work in question, despite the fact that there were workers from the track department working in the same space, creating vibration (with track machinery) and distraction.

19. Due to this lack of supervision, there was no warning that another worker was going to use a manual tool to try to muscle the switch machine into position.

20. Defendant also did not conduct an updated job briefing when the nature of the work changed following the morning briefing, nor when the supervisor left the work site, effectively leaving the work with no oversight, a violation of federal rail safety regulations.

21. All of the foregoing led to the 1,200 lbs switch machine coming down and injuring plaintiff's left hand.

22. Defendant's conduct, more specifically set forth below, caused, in whole or in part, the plaintiff to suffer various physical, psychological and economic harms.

23. Plaintiff's injuries include, but are not limited to, laceration to his left index and middle fingers, with laceration of the tendons, permanent loss of grip strength, trigger finger, permanent vascular damage, resulting in pain, aching and discoloration, as well as permanent nerve damage to the affected fingers.

### COUNT I
### Violation of FELA

24. The plaintiff adopts by reference and realleges each and every allegation set forth in the foregoing paragraphs of this Complaint with the same force and effect as if set forth under this cause of action.

25. This Cause of Action is brought under the Federal Employers' Liability Act, (45 U.S.C. Sec. 51 et seq.).

26. On or about September 26, 2022, while the plaintiff, an employee of the defendant, was in the performance of his duties as a Signal Maintainer along the right-of-way near Mile Post HA

614.13, Binghamton, New York, the defendant, its agents, servants and employees, so negligently and carelessly conducted themselves toward the plaintiff:

- a. in failing to provide plaintiff with a reasonably safe place to work;
- b. in failing to warn;
- c. in failing to provide reasonable means to perform the work assigned, including but not limited to proper tools, materials and/or equipment;
- d. in failing to provide adequate manpower for the work assigned;
- e. in failing to implement procedures designed to minimize unreasonable risk of injury;
- f. in failing to provide adequate protective equipment for the work assigned;
- g. in failing to provide reasonable protection at plaintiff's work area;
- h. in failing to inspect plaintiff's work area;
- i. in failing to train its employees;
- j. in failing to supervise its employees;
- k. in failing to ensure that its employees had sufficient knowledge to perform the task assigned;
- l. in failing to respond to prior complaints;
- m. in failing to use a boom truck;
- n. in allowing a logging truck to be used;
- o. in failing to comply with federal rail safety regulations, including 49 CFR Part 213
    - i. in failing to conduct a job briefing;
    - ii. in failing to conduct an updated job briefing;
    - iii. in conducting a non-compliant job briefing;
- p. in assigning tasks to plaintiff which it knew or should have known were beyond plaintiff's technical or physical abilities;

q. in failing to maintain plaintiff's work place; and, so negligently failed and neglected to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the said place, that all of the foregoing brought about severe and disabling injuries to plaintiff, as set forth above.

27. The relevant injuries occurred while the plaintiff was acting in the furtherance of interstate commerce or in work closely or substantially affecting the same.

28. The plaintiff was damaged thereby in a sum in excess of $200,000.00.

WHEREFORE, plaintiff demands judgment against the defendant on Count I in a sum in excess of TWO HUNDRED THOUSAND ($200,000.00) DOLLARS; together with the costs and disbursements of this action.

Respectfully submitted

By: _____
MARC WIETZKE
FLYNN & WIETZKE, PC
1205 Franklin Avenue
Garden City, NY 11530
Tel.: (516) 877-1234
E-mail: MWietzke@felaattorney.com